UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHIDAH ALI ,

        Plaintiff,

vs.

Case No. 09-CV-10213
HON. GEORGE CARAM STEEH

MICHOLSON CONNOR BOWL,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Rashidah Ali filed a pro se complaint, an "Emergency Motion," and an application to proceed without prepayment of fees on January 6, 2009. Upon reviewing Ali's affidavit, the court is persuaded that Ali is unable to pay the fees associated with the filing of the complaint. Ali's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Ali alleges in a two-page free-form complaint that "our non-profit organization," approved by HUD, is authorized under federal law to assist homeless veterans and deceased veteran's spouses in acquiring single-family housing. Ali alleges these homeless individuals are "given keys and lease." Ali alleges the program is designed "to assist people in transition to get on their feet." Ali continues:

> [Defendant] Micholson Bowl a new contractor with HUD has harrassed [sic] damaged property and without due process ordered all property on U.S. Housing + Urban property approved for the homeless thrown into dumpster and disposed homeless veteran, 2 disabled children and administration. Although HUD relocation documents were provided to both Chaplan Law

> Firm and Micholson Bowl. Chaplan Law Firm HUD both approved Micholson + Bank claims ownership although HUD is the owner wrongfully destroyed property.

Complaint, at 2. In the accompanying "Emergency Motion," Ali seeks a court order based on civil rights violations under "Section 443, 444 and 445":

> 7 men appeared on Jan 7, 2009 without court appearances or warrants . . . [and] ordered homeless occupants to vacate and damaged property. Tossed all contents on premises that were contained for survival disgarded [sic] food, clothing etc. placed them in dumpster ordered everyone to leave in 30 minutes without due process. There were 3 adults that were helping 2 homeless children and 1 veteran to have shelter as regulated by the only Congressional Legislation to provide single family housing under the Stuart B. McKinny Act. The 501 C3 non-profit organization had relocation rights. Now the deaf child, veteran and others have no residence due to the assault by Micholson C. Bowl, a HUD contractor.

Emergency Motion, at 1-2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Ali's IFP claims upon determining that the claims fail to state a claim on which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). To state an actionable claim upon which relief may be granted, the claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)).

Ali lacks standing to assert claims on behalf of the homeless individuals evicted from the HUD property, or on behalf of the non-profit organization. Constitutional claims such as alleged due process violations are personal to the injured party, and cannot be pursed by another who lacks legal authority to represent the injured person. Owens v. Voorhies, No. 3:07 CV 1644, 2007 WL 2381975, *2 (N.D. Ohio Aug. 17, 2007) (citing Shepard v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003)). "Although 28 U.S.C. § 1654 provides that '[i]n

all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." Owens, 2007 WL 2381975, at *2 (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d. Cir. 1998)).  Ali's allegations do not raise beyond speculation that she is making a claim that her own legal interests have been violated.  Ali is not an attorney-at-law.  Ali can neither plead and conduct this case for the alleged homeless individuals, Owens, 2007 WL 2381975, at *2, nor represent the interests of the unnamed non-profit organization.  See United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir. 1969) (recognizing that corporation can only appear in court through an attorney-at-law); In re ICLNDS Notes Acquisition, LLC, 259 B.R. 289, 294 (Bkrtcy. N.D. Ohio 2001) (recognizing that a limited liability company can only appear in court through an attorney-at-law).

Upon review of Ali's complaint, the court concludes Ali lacks standing to pursue the claims as alleged, and thus fails to state a claim on which relief may be granted.  Ass'n of Cleveland Fire Fighters, 502 F.3d at 548   Accordingly,

Plaintiff Ali's January 6, 2009 complaint and motion for emergency relief are hereby DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:  January 26, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 26, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk